Martin, J.
delivered the opinion of the court,
The judgment of the district court is in following words “it is ordered that judgment be entered in favor of the petitioners, for the sum of $635, 81, together with costs of suit to be taxed” no law is cited: no reason adduced: and the defendants argue that the judgment is unconstitutional and therefore a mere nullity.
The constitution, sect. 12, art. 4, has provided that “the judges of all courts within the state shall, as often as it may be possible so to do, in every definitive judgment, refer to the particular law on which such judgment may have been rendered, and in all cases adduce the reasons on which their judgment is founded.”
The appellees contend that it suffices to adduce reasons orally in giving judgment, that they need not be embodied in the judgment itself; and that, admitting this to be necessary, the omission is an error or fault of the judge, for which an innocent suitor is not to suffer.
The constitution requiring a reference in every definitive judgment to the particular law on which it is bottomed, it is clear that the refer *464 ence ought to make part of it: since it is to be in it. If the judgment be written and the reference oral, the latter cannot be said to make part of, to be in the former. But, this reference is required as often as it may be possible, only. Now, when it is not made, those who are to pass on the conduct of the judge, in case he be prosecuted therefor, may make a strict inquiry, but a court from whom it is required to reverse a judgment, may fairly conclude, even when the particular law is obvious, that it was impossible to the judge to refer to it, on the score of his having been ignorant of it. So a good judgment rendered, according to the light of the judge’s understanding, ought to be supported.
The reasons, however, are to be adduced in all cases: ils devront dans tous les cas les motiver. The ignorance of a particular law is possible, in a judge not bred to the profession: it may exist even in others: but it can never be presumed that a judgment was rendered without the judge knowing the reasons, which determined him.
It is said that the reference to the law is required to be in the judgment, but that the reasons are required to be adduced only, without saying that they shall be so in the judgment. We think the distinction cannot be admitted. If a doubt re *465 mained; it would vanish on a reference to the French part of the constitution, which requires the judgment to be motived, reasoned, one which contains, adduces the motives or reasons.
We conclude that a judgment which does not contain any of the reasons which influenced the court rendering it, is unconstitutional. Need we add that whatever is unconstitutional is void? If a judgment be rendered, if a law be passed, in any other, than the legal, language—if an indictment does not conclude, against the peace and and dignity of the state—if a process be not in the name of the state, can they have any effect? Every power in our government is derived from the people; they delegated it by the constitution: and every provision that a particular mode shall be followed, in the execution of the power vested, is a qualification of that power, viz: that it shall not be exercised in any other manner.
The judgment before us being an unconstitutional one, must be annulled, avoided and reversed, and the cause is remanded to the district court, with directions to the judge to give judgment thereon, according to the constitution by referring therein, if possible, to the particular law *466 on which it is grounded, and at all events to adduce the reason on which it is founded.
Grymes for the plaintiffs, Hennen for the defendants.